UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL COHN, | : | Case No. 1:19-cv-943 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| WESTERN & SOUTHERN FINANCIAL GROUP LONG TERM INCENTIVE AND RETENTION PLAN I, *et al.*, | : | |
| Defendants. | : | |

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY (Doc. 10)

This civil action is before the Court on Plaintiff's motion to compel discovery (Doc. 10), and the parties' responsive memoranda (Docs. 12, 13). Plaintiff's motion seeks the following: (i) documents regarding whether the Western and Southern Long Term Incentive and Retention Plan I (the "LTIRP") is a "top hat" plan; (ii) documents "relevant" to the denial of benefits; and (iii) documents regarding bias and conflicts of interest of Defendant Western & Southern Financial Group, Inc. ("W&S")'s benefits determinations. (Doc. 10 at 14–16).

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Paul Cohn was employed by Fort Washington Investment Advisors, Inc. ("FW"), a subsidiary of W&S, from 2006 to 2018. (Doc. 16 at ¶ 6). Cohn worked as an investor in the private equity secondary market. (*Id* at ¶ 7). While employed at FW, Cohn participated in the LTIRP. As a participant in the LTIRP, Cohn received yearly

grants of "units" that carried a certain value, accumulating over time in an account. (Doc. 16 at ¶ 10).

The LTIRP documents state the LTIRP is an unfunded, nonqualified deferred compensation arrangement under the Employee Retirement Income Security Act ("ERISA"), a "top hat" plan. (Doc. 11 at PAGEID# 281). Participation in the LTIRP was based solely upon an employee's compensation—only employees in the top 5% of annual compensation were eligible to participate in the LTIRP. (*Id.* at PAGEID# 286). The LTIRP documents include provisions by which LTIRP benefits could be forfeited and prior benefits recovered if employment ended. The 2014 LTIRP plan document provided that benefits could be forfeited if a former employee "enters into a business or employment which is competitive with or similar to the business of the Company or any Affiliate." (*Id*. at ¶¶ 16–17).

By June 30, 2018, Cohn had received over $304,000 in payments of LTIRP benefits and his LTIRP account was valued at $589,572. (*Id.* at ¶ 18). After several work and compensation related disputes, Cohn left employment with FW in October 2018. (*Id.* at ¶¶ 19–27). In the spring of 2018, Plaintiff formed a corporation called "Tail End Managing Member I, LLC." Cohn contends that he did not compete with FW in any way. (*Id.* at ¶¶ 28–37).

On May 31, 2019, the day before his 2019 LTIRP payment was to be authorized, Plaintiff received a letter from Steve Hussey, W&S's Senior Vice President of Compensation and Benefits, stating that he was now competing with W&S, and therefore his entire LTIRP account had been forfeited. The letter also demanded repayment of the

2

$316,846.57 that Plaintiff had already received. (Doc. 11 at PAGEID# 265–67, the "Initial Benefits Decision"). The Initial Benefits Decision informed Plaintiff of his right to appeal the denial of his claim for LTIRP benefits, and the procedures for doing so. (*Id.*). On June 14, 2019 Plaintiff informed W&S of his intent to appeal and requested documents relevant to his claim. (*Id.* at PAGEID# 268–69). On July 16, 2019, W&S provided Plaintiff with a copy of the LTIRP documents, the summary plan description, annual statements for Plaintiff's performance unit account, and the benefits decision documents. (*Id.* at PAGEID# 273–388). Cohn responded on August 1, 2019 requesting additional documents beyond what had been provided by W&S. W&S refused to provide any additional documents. (*Id.* at PAGEID# 389–93).

Cohn filed his appeal on August 15, 2019. (*Id.* at PAGEID# 393–455). W&S's Executive Committee denied Cohn's appeal on October 7, 2019. (*Id.* at PAGEID# 457–60). Plaintiff subsequently filed this suit. Plaintiff's lawsuit claims that he was deprived of a full and fair review of the W&S benefits decision as required by 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2) (Count One), and appeals the W&S October 7, 2019 Executive Committee Decision (Count Two). (Doc. 16 at ¶¶ 53–66).

## II. STANDARD OF REVIEW

Generally, an ERISA claimant may not seek discovery of matters outside the administrative record. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir.1998). "However, evidence outside of the administrative record may be considered if that evidence is offered in support of a procedural challenge to the administrator's decision such as a lack of due process or alleged bias." *Wagner v. CIBA Corp.*, No. 3:09-

3

CV-356, 2010 WL 1610995, at *1 (S.D. Ohio Apr. 15, 2010) (citing *Huffaker v. Metropolitan Life Insurance Co.*, 271 Fed. Appx. 493, 503 (6th Cir.2008)).  Courts within the Sixth Circuit have also allowed Rule 26 discovery outside of the administrative record for claims related to non-qualified plans.  *See Thornton v. W. & S. Life Ins. Co. Flexible Benefits Plan*, No. 3:08CV00648-M, 2010 WL 411119, at *3 (W.D. Ky. Jan. 28, 2010).

## III.  ANALYSIS

Plaintiff seek three categories of discovery: (i) documents to determine whether the LTIRP is a top hat plan; (ii) documents "relevant" to W&S's denial of benefits; and (iii) documents regarding bias and conflicts of interest of W&S.  Defendants oppose any discovery outside of the administrative record, which they have already produced.  (Doc. 11).  The Court will address each of the requests for discovery in turn.

### A. Top Hat Plan Documents

First, Plaintiff seeks discovery to ascertain whether the plan at issue is a top hat plan.  ERISA defines a "top hat plan" as " . . . a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees."  29 USC § 1051(2).  Plaintiff contends that determining whether the plan is a top hat plan is essential because "if the LTIRP is found not to qualify as a top hat plan, then ERISA's substantive protections concerning non-forfeitability (29 U.S.C. § 1053) would apply to the LTIRP and W&S could not forfeit [Plaintiff's] LTIRP account after 7 years of employment[.]"  (Doc. 10 at 6).

4

The Sixth Circuit has identified qualitative and quantitative factors to consider when determining whether a plan qualified as a top hat plan under ERISA: "(1) the percentage of the total workforce invited to join the plan (quantitative), (2) the nature of their employment duties (qualitative), (3) the compensation disparity between top hat plan members and non-members (qualitative), and (4) the actual language of the plan agreement (qualitative)."  *Bakri v. Venture Mfg. Co.,* 473 F.3d 677, 678 (6th Cir. 2007).

Here, it is undisputed that the actual language of the LTIRP states that it is a top hat plan.  Yet additional evidence outside of the Administrative Record is needed to analyze the three other *Bakri* factors.  Thus, it is clear that limited discovery is necessary here.  Accordingly, the Court finds that this request for production of documents (*see* Doc. 10 at 15) is tailored to determine promptly and inexpensively whether the LTIRP qualifies as a top hat plan.

**B. "Relevant" Documents**

Second, Plaintiff requests the production of all documents "relevant" to the claim for benefits.  W&S contends that it has produced all of the documents relevant to the benefits determination.

Section 503 of ERISA provides that every employee benefit plan shall afford participants a "full and fair review" of benefit denials.  29 U.S.C. § 1133.  The full and fair review requirement also applies to top hat plans.  *See McCarthy v. Commerce Group, Inc.*, 831 F. Supp. 2d 459, 481-483, D. Mass.) (citing *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 47 n.3 (1st Cir. 2000)).  As part of a full and fair review, a claimant is

5

entitled to receive a copy of "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii).

Regarding the scope of the administrative record, "relevance" is defined as follows:

> (8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefits determination[.]

29 C.F.R. § 2560.503-1(m)(8)(i)–iii)

Here, Defendants attest that the "Administrative Record filed with the Court is the universe of relevant documents, and Western and Southern has produced all documents within the first two categories requested by Cohn." (Doc. 12 at 11). The Court cannot require parties to produce additional documents that do not exist. Nevertheless, if Defendants possess any additional documents defined as "relevant" under 29 C.F.R. § 2560.503-1(m)(8)(i)–iii), they are hereby ordered to produce those documents as a part of the Administrative Record.

6

## C. Conflict of Interest

Third, Plaintiff seeks documents relating to W&S's purported conflict of interest. Defendants argue that Plaintiff has not put forth a factual foundation of bias that would entitle him to discovery on any conflict of interest of W&S.

It is undisputed that W&S is both the decision-maker of benefit claims and the payor of LTIRP benefits. "This dual role creates a conflict of interest." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). It is clear here that, under *Glenn*, W&S has a conflict of interest in administering the LTIRP. But that conflict alone does not necessarily warrant discovery. The parties recognize that courts within the Sixth Circuit are divided on whether discovery outside of the administrative record is permissible upon only an allegation of bias or a conflict of interest. (Doc. 10 at 11–12; Doc. 12 at 13–14). Yet the Sixth Circuit has emphasized that "[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate" regarding the conflict of interest or bias that exists in an ERISA case. *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459, 467 (6th Cir. 2009)

Here, the Court need not determine whether allegations of W&S bias alone warrant discovery because Plaintiff has offered more than a mere allegation of bias. For example, Plaintiff contends that (i) W&S avoided significant, unfunded cash expenses ($589,572) and would potentially receive a significant cash reimbursement ($316,846.57) by forfeiting Plaintiff's account; (ii) if the Executive Committee are LTIRP participants, their decision to forfeit Plaintiff's shares directly benefits them in later awards of LTIRP units; and (iii) very few members of the FW Private Equity Group ever received LTIRP

7

payments because of the forfeiture provision. (Doc. 10 at 12–13). These allegations are sufficient to warrant discovery into W&S's conflict of interest and bias in administering the LTIRP.

Yet discovery must be limited to the conflict of interest and allegation of bias. An appropriate scope of discovery includes whether: "(i) there is a history of biased claim denials; (ii) the employer has made measures to reduce bias and promote accuracy; and (iii) company policies reward or encourage denials." *Kasko v. Aetna Life Ins. Co.*, 33 F. Supp. 3d 782, 788 (E.D. Ky. 2014). Here, the Court finds that the scope of Plaintiff's discovery request on this category of documents (Doc. 10 at 14–15) is sufficiently tailored to address the extent of W&S's bias and conflicts of interest in administering the LTIRP. Accordingly, Plaintiff's motion to compel discovery is well-taken.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery (Doc. 10) is **GRANTED.**

**IT IS SO ORDERED.**

Date: 11/30/2020

*/s/ Timothy S. Black*
Timothy S. Black
United States District Judge

8